**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

NEUROCRINE BIOSCIENCES, INC.

Plaintiff,

v.

LUPIN LIMITED, LUPIN
PHARMACEUTICALS, INC., LUPIN
INC. and LUPIN ATLANTIS HOLDINGS
S.A.

Defendants.

Civil Action No. _____

## <u>COMPLAINT FOR PATENT INFRINGEMENT</u>

Neurocrine Biosciences, Inc. ("Neurocrine"), by way of Complaint against Defendants Lupin Limited, Lupin Pharmaceuticals, Inc. ("Lupin Pharmaceuticals"), Lupin Inc., and Lupin Atlantis Holdings S.A. ("Lupin S.A.") (collectively "Lupin" or "Defendants"), alleges as follows:

## <u>NATURE OF THE ACTION</u>

1.      This is a civil action for patent infringement of U.S. Patent No. 11,311,532 ("the '532 patent" or "the patent-in-suit"), arising under the United States patent laws, Title 35 United States Code, § 100 *et. seq.*, including 35 U.S.C. §§ 271 and 281.  This action relates to Lupin's filing of an Abbreviated New Drug Application ("ANDA") No. 216064 under Section 505(j) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to manufacture, use, import, offer to sell and/or sell Valbenazine Tosylate Capsule, eq. 40 mg base, eq. 60 mg base, and eq. 80 mg base ("Lupin's generic products") before the expiration of the patent-in-suit.

{01829051;v1 }

2.       Neurocrine filed three separate actions involving Lupin's ANDA No. 216064 in this Court for patent infringement. The first suit alleged infringement of U.S. Patent Nos. 8,039,627 ("the '627 patent"), 8,357,697 ("the '697 patent"), 10,065,952 ("the '952 patent"), 10,844,058 ("the '058 patent"), 10,851,103 ("the '103 patent"), 10,851,104 ("the '104 patent"), 10,857,137 ("the '137 patent"), 10,857,148 ("the '148 patent"), 10,874,648 ("the '648 patent"), 10,906,902 ("the '902 patent"), 10,906,903 ("the '903 patent"), 10,912,771 ("the '771 patent"), 10,919,892 ("the '892 patent"), 10,940,141 ("the '141 patent"), 10,952,997 ("the '997 patent") and 10,993,941 ("the '941 patent") (collectively, "the First Suit Patents") in *Neurocrine Biosciences, Inc. v. Lupin Limited et al.*, No. 1:21-cv-01042-MN (D. Del. filed July 16, 2021) ("the First Suit"), which on April 19, 2022 was consolidated in this Court in *Neurocrine Biosciences, Inc. v. Lupin Limited et al.*, No. 1:21-cv-01042-MN (consolidated).  The second suit alleged infringement of U.S. Patent No. 11,026,931 ("the '931 patent"), 11,026,939 ("the '939 patent") and 11,040,029 ("the '029 patent") (collectively, "the Second Suit Patents") in *Neurocrine Biosciences, Inc. v. Lupin Limited et al.*, No. 1:21-cv-01408-MN (D. Del. filed October 1, 2021) ("the Second Suit"), which on April 19, 2022 was consolidated in this Court in *Neurocrine Biosciences, Inc. v. Lupin Limited et al.*, No. 1:21-cv-01042-MN (consolidated).  The third suit alleged infringement of the '627 patent, the '697 patent, the '952 patent, the '058 patent, the '103 patent, the '104 patent, the '137 patent, the '148 patent, the '648 patent, the '902 patent, the '903 patent, the '771 patent, the '892 patent, the '141 patent, the '997 patent, the '941 patent, the '931 patent, the '939 patent and the '029 patent (collectively, "the Third Suit Patents") in *Neurocrine Biosciences, Inc. v. Lupin Limited et al.*, No. 1:22-cv-00639-MN (D. Del. filed May 13, 2022) ("the Third Suit").

{01829051;v1 }                                                     2

3.      The First Suit was filed in response to a letter from Lupin dated June 3, 2021 ("Lupin's First Notice Letter"), purporting to include a "Notice of Paragraph IV Certification Regarding [the First Suit Patents] pursuant to § 505(j)(2)(B) of the Federal Food, Drug, and Cosmetic Act and 21 C.F.R. § 314.95 for ANDA No. 216064." The First Suit included counts of infringement of the First Suit Patents.

4.      The Second Suit was filed in response to a letter from Lupin dated August 17, 2021 ("Lupin's Second Notice Letter"), purporting to include a "Notice of Paragraph IV Certification Regarding [the Second Suit Patents] pursuant to § 505(j)(2)(B) of the Federal Food, Drug, and Cosmetic Act and 21 C.F.R. § 314.95 for ANDA No. 216064." The Second Suit included counts of infringement of the Second Suit Patents.

5.      The Third Suit was filed in response to a letter from Lupin dated March 31, 2022 ("Lupin's Third Notice Letter"), purporting to include a "Notice of Paragraph IV Certification Regarding [the Third Suit Patents] pursuant to § 505(j)(2)(B) of the Federal Food, Drug, and Cosmetic Act and 21 C.F.R. § 314.95 for ANDA No. 209241." The Third Suit included counts of infringement of the Third Suit Patents.

6.      This complaint is filed in response to a new, fourth letter from Lupin dated June 27, 2022 ("Lupin's Fourth Notice Letter"), purporting to include a "Notice of Paragraph IV Certification Regarding [the patent-in-suit] Pursuant to Section 505(j)(2)(B) of the Federal Food, Drug, and Cosmetic Act and 21 C.F.R. § 314.95 for ANDA No. 216064." Lupin's Fourth Notice Letter stated that Lupin had filed ANDA No. 216064, seeking approval to manufacture, use, import, offer to sell and/or sell Lupin's generic products before the expiration of the patent-in-suit.

7. Lupin's First, Second, and Fourth Notice Letters refer to ANDA No. 216064 whereas Lupin's Third Notice Letter refers to "ANDA No. 209241."

**THE PARTIES**

8. Neurocrine is a corporation organized and existing under the laws of Delaware with its corporate headquarters at 12780 El Camino Real, San Diego, CA 92130.

9. Neurocrine is engaged in the business of researching, developing and bringing to market innovative pharmaceutical products for the treatment of neurological, endocrine and psychiatric disorders.

10. Upon information and belief, Lupin Limited is a corporation organized under the laws of India and its principal place of business is located at 3rd Floor, Kalpataru Inspire, Off Western Express Highway, Santacruz (E), Mumbai 400 055, India.

11. Upon information and belief, Lupin Pharmaceuticals is a corporation organized under the laws of Delaware and its principal place of business is located at 111 S. Calvert Street, Harborplace Tower, 21st Floor, Baltimore, MD 21202.

12. Upon information and belief, Lupin Inc. is a corporation organized under the laws of Delaware and its principal place of business is located at 111 S. Calvert Street, Harborplace Tower, 21st Floor, Baltimore, MD 21202.

13. Upon information and belief, Lupin S.A. is a corporation organized under the laws of Switzerland and its principal place of business is located at Landis & Gyr – Strasse 1, 6300 Zug, Switzerland.

14. Upon information and belief, Lupin Pharmaceuticals is a wholly-owned subsidiary of Lupin Limited.

15.     Upon information and belief, Lupin Inc. is a wholly-owned subsidiary of Nanomi B.V. and Nanomi B.V. is a wholly-owned subsidiary of Lupin Limited.

16.     Upon information and belief, Lupin Pharmaceuticals, Lupin Inc. and Lupin S.A. are generic pharmaceutical companies that, in coordination with each other and Lupin Limited or at the direction of Lupin Limited, develop, manufacture, market and distribute generic pharmaceutical products for sale in the State of Delaware and throughout the United States.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

18.     This Court has personal jurisdiction over Lupin Limited.  Upon information and belief, Lupin Limited is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products, including generic drug products.  Upon information and belief, Lupin Limited directly, or indirectly, develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district.  Upon information and belief, Lupin Limited purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Lupin's generic products.

19.     This Court has personal jurisdiction over Lupin Pharmaceuticals.    Upon information and belief, Lupin Pharmaceuticals is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products, including generic drug products.  Upon information and belief, Lupin Pharmaceuticals directly, or indirectly, develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district.  Upon information and belief, Lupin Pharmaceuticals purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Lupin's generic products.

20.    This Court has personal jurisdiction over Lupin Inc.    Upon information and belief, Lupin Inc. is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products, including generic drug products.    Upon information and belief, Lupin Inc. directly, or indirectly, develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district.    Upon information and belief, Lupin Inc. purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Lupin's generic products.

21.    This Court has personal jurisdiction over Lupin S.A.    Upon information and belief, Lupin S.A. is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products, including generic drug products.    Upon information and belief, Lupin S.A. directly, or indirectly, develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district.    Upon information and belief, Lupin S.A. purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Lupin's generic products.

22.    Upon information and belief, Lupin Limited states that it "is present in the US through manufacturing, research and development, and commercial divisions for generics, complex generics, biosimilars and branded pharmaceuticals" and that its "US revenues crossed $1 billion" in 2017-18.    https://www.lupin.com/about-us/global-presence/ (accessed August 8, 2022).

23.    Upon information and belief, Lupin Limited is the holder of FDA Drug Master File No. 35246 for valbenazine tosylate.

24.    Upon information and belief, Lupin Limited, Lupin Pharmaceuticals, Lupin Inc. and Lupin S.A. hold themselves out as a unitary entity and operate as a single integrated business

with respect to the regulatory approval, manufacturing, marketing, sale and distribution of generic pharmaceutical products throughout the United States, including in this judicial district.

25.    Upon information and belief, Lupin admits that it "has a strong and well-established generic presence in the United States, having entered the U.S. market in 2003 and maintaining a competitive edge in the list of top 5 generic pharmaceutical companies by prescriptions dispensed since 2010." https://www.lupin.com/US/about-us/ (accessed August 8, 2022). Upon information and belief, Lupin has at least five offices and a manufacturing facility in the U.S. https://www.lupin.com/about-us/global-presence/ (accessed August 8, 2022).

26.    Upon information and belief, Lupin is engaged in the submission and approval of ANDAs for the U.S. market, admitting Lupin has "received more than 250 FDA approvals and market[ed] a total of 180 generic products" and describes itself "as one of the fastest-growing pharmaceutical companies in the U.S." https://www.lupin.com/US/generics/ (accessed August 8, 2022).

27.    Lupin's ANDA filing regarding the patent-in-suit relates to this litigation and is substantially connected with this judicial district because it reliably and non-speculatively predicts Lupin's intent to market and sell Lupin's generic products in this judicial district.

28.    Lupin has taken the significant step of applying to the FDA for approval to engage in future activities—including the marketing of its generic drugs—which, upon information and belief, will be purposefully directed at the District of Delaware and elsewhere throughout the United States. Upon information and belief, Lupin intends to direct sales of its generic drugs in this judicial district, among other places, once Lupin receives the requested FDA approval to market its generic products. Upon information and belief, Lupin will engage in marketing of its proposed generic products in Delaware upon approval of its ANDA.

{01829051;v1 }                                          7

29. Upon information and belief, Lupin Limited, Lupin Pharmaceuticals, Lupin Inc. and Lupin S.A. have thus been, and continue to be, joint and prime actors in the drafting, submission, approval and maintenance of ANDA No. 216064.

30. For these reasons and for other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over Lupin.

31. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), because Lupin Limited is incorporated in India and may be sued in any judicial district in the United States.

32. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), because Lupin Pharmaceuticals is incorporated in the state of Delaware.

33. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), because Lupin Inc. is incorporated in the state of Delaware.

34. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), because Lupin S.A. is incorporated in Switzerland and may be sued in any judicial district in the United States.

## **FACTUAL BACKGROUND**

### **The NDA**

35. Neurocrine is the holder of New Drug Application ("NDA") No. 209241 for INGREZZA® (valbenazine) Capsules in 40, 60, and 80 mg dosage forms ("INGREZZA® Capsules").

36. The FDA approved NDA No. 209241 on April 11, 2017.

37.    INGREZZA® Capsules are prescription drugs approved for the treatment of tardive dyskinesia.  Valbenazine, which is present as the tosylate salt, is the active ingredient in INGREZZA® Capsules.

38.    Valbenazine Capsules are marketed in the United States under the trademark INGREZZA®.

### The Patent-in-Suit

39.    The United States Patent and Trademark Office ("the PTO") issued the '532 patent on April 26, 2022, titled "High Dosage Valbenazine Formulation and Compositions, Methods, and Kits Related Thereto."  A true and correct copy of the '532 patent is attached as Exhibit A.

40.    Neurocrine owns the '532 patent through assignment as recorded by the PTO at Reel 054171, Frame 0426.

41.    The '532 patent currently expires on September 18, 2038.

42.    The '532 patent is listed in Approved Drug Products With Therapeutic Equivalence Evaluations ("the Orange Book") in connection with NDA No. 209241 for INGREZZA® Capsules.

### The ANDA

43.    Upon information and belief, Lupin submitted ANDA No. 216064 with the FDA under 21 U.S.C. § 355(j) seeking FDA approval to manufacture, use, import, offer to sell and/or sell in the United States Valbenazine Tosylate Capsule, eq. 40 mg base, eq. 60 mg base, and eq. 80 mg base (defined above as "Lupin's generic products"), which are generic versions of Neurocrine's INGREZZA® Capsules.

44. Lupin's Fourth Notice Letter states that Lupin's ANDA contains certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), alleging that the claims of the patent-in-suit are invalid, unenforceable or will not be infringed by the manufacture, use or sale of Lupin's generic products.

45. Plaintiff commenced this action within 45 days of receiving Lupin's Fourth Notice Letter.

## COUNT I

### (INFRINGEMENT OF THE '532 PATENT)

46. Plaintiff realleges, and incorporates fully herein, each preceding paragraph.

47. Upon information and belief, Lupin filed ANDA No. 216064 seeking approval to manufacture, use, import, offer to sell and/or sell Lupin's generic products in the United States before the expiration of the '532 patent.

48. Lupin's Fourth Notice Letter states that Lupin filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '532 patent are invalid, unenforceable and/or will not be infringed.

49. Upon information and belief, in its ANDA No. 216064, Lupin has represented to the FDA that Lupin's generic products are pharmaceutically and therapeutically equivalent to Neurocrine's INGREZZA® Capsules.

50. Lupin has actual knowledge of the '532 patent, as evidenced by at least Lupin's Fourth Notice Letter.

51. Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Lupin has infringed at least one claim of the '532 patent by submitting, or causing to be submitted, to the

FDA ANDA No. 216064, seeking approval to manufacture, use, import, offer to sell or sell Lupin's generic products before the expiration date of the '532 patent.

52. Upon information and belief, if ANDA No. 216064 is approved, Lupin intends to and will manufacture, use, import, offer to sell and/or sell Lupin's generic products in the United States.

53. Upon information and belief, if ANDA No. 216064 is approved, Lupin will infringe one or more claims of the '532 patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing Lupin's generic products, and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 216064 shall be no earlier than the expiration of the '532 patent.

54. Upon information and belief, Lupin knows, should know and intends that physicians will prescribe and patients will take Lupin's generic products for which approval is sought in ANDA No. 216064, and therefore will infringe at least one claim of the '532 patent.

55. Upon information and belief, Lupin has knowledge of the '532 patent and, by its proposed package insert for Lupin's generic products, knows or should know that it will induce direct infringement of at least one claim of the '532 patent, either literally or under the doctrine of equivalents.

56. Upon information and belief, Lupin is aware and/or has knowledge that its proposed package insert will recommend, suggest, encourage and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Lupin's generic products according to the instructions in the proposed package insert in a way that directly infringes at least one claim of the '532 patent.

57.    Upon information and belief, Lupin's actions relating to ANDA No. 216064 complained of herein were done by and for the benefit of Lupin.

58.    Plaintiff will be irreparably harmed by Lupin's infringing activities unless this Court enjoins those activities.

59.    Plaintiff does not have an adequate remedy at law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.    The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Lupin has infringed at least one claim of the '532 patent through Lupin's submission of ANDA No. 216064 to the FDA seeking approval to manufacture, use, import, offer to sell and/or sell Lupin's generic products in the United States before the expiration of the '532 patent;

B.    The entry of judgment under 35 U.S.C. § 271(a), (b) and/or (c) that Lupin's making, using, offering to sell, selling or importing of Lupin's generic products before the expiration of the '532 patent will infringe, actively induce infringement and/or contribute to the infringement of at least one claim of the '532 patent under 35 U.S.C. § 271(a), (b) and/or (c);

C.    The issuance of an order that the effective date of any FDA approval of Lupin's generic products shall be no earlier than the expiration date of the '532 patent and any additional periods of exclusivity, or any such later date as the Court may determine, in accordance with 35 U.S.C. § 271(e)(4)(A);

D.    The entry of a preliminary and/or permanent injunction, enjoining Lupin and all persons acting in concert with Lupin from manufacturing, using, offering for sale or selling Lupin's generic products within the United States, or importing Lupin's generic products into

the United States, until the expiration of the '532 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

E.    The entry of a preliminary and/or permanent injunction, enjoining Lupin and all persons acting in concert with Lupin from seeking, obtaining or maintaining approval of the ANDA until the expiration of the '532 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

F.    The issuance of a declaration that this is an exceptional case and an award to Plaintiff of its costs, expenses and disbursements in this action, including reasonable attorney fees, pursuant to 35 U.S.C. §§ 285 and 271(e)(4);

G.    An award to Plaintiff of any further appropriate relief under 35 U.S.C. § 271(e)(4); and

H.    An award to Plaintiff of any further and additional relief that this Court deems just and proper.

ASHBY & GEDDES

*/s/ Steven J. Balick*

Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

*Of Counsel:*

James B. Monroe
Erin M. Sommers
Lauren J. Dowty
Jeanette M. Roorda
Yoonjin Lee
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4431
(202) 408-4000

*Attorneys for Plaintiff*
*Neurocrine Biosciences, Inc.*

Dated: August 11, 2022

{01829051;v1 }                                                           13